# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Andre Martin, | ) Civil Action No. 4:07-CV-2178-HMH-TER |
|     Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| Dan Wideman, Sheriff of Greenwood County in his individual capacity, Major Phillip C. Anderson, in his individual capacity, and Dr. Gordon Lanier, in his individual capacity, | ) |
|     Defendants. | ) |

The *pro se* plaintiff filed a complaint pursuant to 42 U.S.C. §1983 on July 18, 2007.[1] Defendant Lanier filed a Motion to Dismiss on September 17, 2007. (Document #19). The undersigned issued an order filed September 18, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion to Dismiss procedure and the possible consequences if he failed to respond adequately. Plaintiff has failed to file a response.

Defendant Lanier filed a Motion for Summary Judgment on January 9, 2008. (Document #41). The undersigned issued an order filed January 10, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

On February 11, 2008, plaintiff filed a change of address with the court. (Document #48). Therefore, the Roseboro Order of January 10, 2008, was re-mailed to plaintiff at this new address, Greenwood County Detention Center, on February 11, 2008. (Document #49).

On March 7, 2008, defendants Wideman and Anderson filed a Motion for Summary Judgment. (Document #58). The undersigned issued an order filed March 7, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

On April 11, 2008, an Order was issued informing plaintiff that if he did not respond to the defendants' motions for summary judgment/motion to dismiss within ten (10) days of the date of the order, his case may be dismissed pursuant to Federal Rules of Civil Procedure 41(b), and that dismissal would be considered an adjudication on the merits, i.e., with prejudice. (Document #62). Plaintiff has failed to file a response to the motion to dismiss and motions for summary judgment.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motions for summary judgment, the motion to dismiss, or the Court's Orders requiring him to respond.[2] The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 1, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[2] Three Roseboro Orders were mailed to plaintiff and one was re-mailed to make sure plaintiff had received it after he notified the court of an address change. Additionally, the court issued a ten (10) day order on April 11, 2008.